**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3809
_____

UNITED STATES OF AMERICA

v.

VINCENT L. RUCHLEWICZ,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 3-09-cr-00002-001)
District Judge: Hon. Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, Circuit Judges.

(Filed: July 17, 2015)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Vincent Ruchlewicz appeals from the District Court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He contends that his counsel was ineffective for failing to argue that the Government violated a Department of Justice policy that discourages federal prosecutors from initiating criminal cases following a state prosecution for substantially the same acts and that the Government engaged in prosecutorial misconduct by pursuing a case that allegedly violated the policy.[1] Because this policy confers no substantive rights, we will affirm.

I

On March 4, 2004, Ruchlewicz went to Lawrence Sisco's apartment in DuBois, Pennsylvania, looking for two men. Upon learning that they were not present, Ruchlewicz pulled out a pistol, pointed it at Sisco, and fired a round into the floor. Local police subsequently interviewed Ruchlewicz, arrested him, and charged him with numerous crimes in Pennsylvania state court. He ultimately entered guilty pleas to attempted aggravated assault and reckless endangerment of another person. Ruchlewicz also later entered a guilty plea to the Pennsylvania crime of carrying a firearm without a license. All three of the Pennsylvania crimes to which Ruchlewicz pleaded guilty concerned the March 4 incident at Sisco's apartment.

---

[1] Before the District Court, Ruchlewicz claimed only that his counsel was ineffective for failing to make this argument. On appeal, Ruchlewicz also asserts that a violation of the Department's policy evinces prosecutorial misconduct. Because Ruchlewicz did not make this argument before the District Court, it is waived. See United States v. Joseph, 730 F.3d 336, 342 (3d Cir. 2013).

This incident also led the police to search Ruchlewicz's home, where they discovered seven handguns, none of which were used in the assault on Sisco. A federal grand jury returned an indictment that charged Ruchlewicz with unlawful possession of two of these handguns, in violation of 18 U.S.C. § 922(g)(1). Ruchlewicz entered a guilty plea to this offense, and he received a sentence of seventy-two months' imprisonment.

Ruchlewicz filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his counsel was ineffective for failing to argue that the federal prosecution following his Pennsylvania prosecutions violated the Department of Justice's so-called Petite Policy, named for Petite v. United States, 361 U.S. 529 (1960), which generally bars a federal prosecution following a state prosecution for the same acts. The Magistrate Judge recommended that the District Court deny the motion because counsel was not ineffective for failing to invoke the Petite Policy, as "it is an internal guideline for the exercise of prosecutorial discretion, does not create a substantive right for the defendant which he may enforce, and is not subject to judicial review." App. 14. The District Court adopted the Magistrate Judge's recommendation and denied Ruchlewicz's motion to vacate, but issued a certificate of appealability "on the question whether a

3

violation of the <u>Petite</u> [P]olicy gives rise to a legally enforceable claim." App. 18. Ruchlewicz appeals.[2]

## II

The <u>Petite</u> Policy "precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s), absent certain extenuating circumstances." <u>United States v. Wilson</u>, 413 F.3d 382, 388 n.7 (3d Cir. 2005) (internal quotation marks omitted). Its general bar on federal prosecutions based on acts that supported an earlier state prosecution is "not constitutionally mandated" because "the dual sovereignty principle inherent in our federal system" permits such successive prosecutions by different sovereigns. <u>Rinaldi v. United States</u>, 434 U.S. 22, 29 (1977) (internal quotation marks omitted). Rather, the policy guides the internal operations of the Department of Justice concerning when it should expend its resources to prosecute conduct that has been the subject of a state prosecution. Such internal "guidelines and policies do not create enforceable rights for criminal defendants." <u>Wilson</u>, 413 F.3d at 389. Thus, the <u>Petite</u> Policy grants Ruchlewicz no enforceable rights, and Ruchlewicz's trial counsel was not ineffective for failing to argue that the policy was violated. The District Court therefore properly denied Ruchlewicz's § 2255 motion.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's legal conclusions de novo and its factual findings for clear error. <u>United States v. Travillion</u>, 759 F.3d 281, 289 (3d Cir. 2014).

## III

For the foregoing reasons, we will affirm.